UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA KEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:16-CV-01769 |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Donna Key ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 23) and Defendant has filed a brief in support of the Answer (Doc. 28). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 9).

### I. PROCEDURAL HISTORY

On December 6, 2013, Plaintiff filed an application for SSI and on December 12, 2013, an application for DIB under Titles II and XVI of the Social Security Act. (Tr. 183-93). On February 27, 2014, Defendant issued a Notice of Disapproved Claim. (Tr. 113-24). Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

filed a Request for Hearing before an Administrative Law Judge on March 4, 2014. (Tr. 125-26). After a hearing, by decision dated July 24, 2015, the ALJ found Plaintiff not disabled. (Tr. 12-29). In a decision dated September 17, 2016 the Appeals Council denied Plaintiff's request for review. (Tr. 1-7). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined Plaintiff has not engaged in substantial gainful activity since June 21, 2013, the alleged onset date. (Tr. 18). The ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine and degenerative joint disease of the left shoulder but that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ determined Plaintiff has the Residual Functional Capacity ("RFC") to lift/carry and push/pull up to 20 pounds occasionally and 10 pounds frequently. (*Id.*) She can stand/walk for 6 hours in an 8-hour workday and sit for 6 hours in and 8-hour workday. (*Id.*) She can occasionally stoop, crouch, and crawl. (*Id.*) She must avoid working at unprotected heights. (*Id.*) The ALJ determined Plaintiff is unable to perform any past relevant work. (Tr. 23). The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform including assembler II, lighting industry, assembler, small products, and mail clerk. (Tr. 24). Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 25). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision. (Doc. 23).

## III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ

will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of

the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In her appeal of the Commissioner's Decision, Plaintiff raises two issues. First, Plaintiff argues that the Appeals Council failed to properly review the October 2015 opinion of Dr. Suresh Krishnan ("Krishnan"), Plaintiff's treating physician.[2] (Doc. 23 at 7). Second, Plaintiff generally asserts that the RFC is not supported by substantial evidence. (*Id.*). Specifically, Plaintiff argues that the ALJ failed to include a proper narrative, erred in her credibility analysis, and made an improper medical determination. (*Id.* at 8-14). For the following reasons, the Court

---

[2] The Parties do not dispute that Dr. Krishnan is Plaintiff's treating physician (Docs. 23 at 7, 28 at 4).

5

finds that Plaintiff's argument is without merit and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**A. Credibility**

The Court will first consider the ALJ's credibility analysis and determination, as the evaluation of Plaintiff's credibility was essential to the ALJ's determination of other issues, including Plaintiff's RFC. "Before determining a claimant's RFC, the ALJ first must evaluate the claimant's credibility." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). *See also Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) ("[Plaintiff] fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible.") (citing *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005)); 20 C.F.R. §§ 404.1545, 416.945 (2010). In assessing a claimant's credibility, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). ALJs need not explicitly discuss each *Polaski* factor. *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (citing *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall*, 274 F.3d at 1218. "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th

6

Cir. 2006). The Court finds that the reasons offered by the ALJ in support of her credibility determination are based on substantial evidence.

The ALJ found that although Plaintiff's medically-determinable impairments could be expected to cause the symptoms she claims, there were significant issues with her claims as to the intensity, persistence, and limiting effects of those symptoms. (Tr. 21).

First, the ALJ considered the "objective medical evidence" and determined it to be inconsistent Plaintiff's subjective "allegations regarding her back pain." (Tr. 18-19). An ALJ may not disregard subjective allegations solely because they are not fully supported by objective medical evidence, but may afford them less weight if inconsistencies exist in the record as a whole. *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012). An ALJ is "entitled to make a factual determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002)(citing 20 C.F.R. §§ 404.1529(c) & 416.929(c)).

Plaintiff testified at her hearing that she has suffered back pain for a long time and claimed it has gotten worse over time. (Tr. 43). She testified she is unable to sit or stand for long periods of time. (Tr. 44). She stated she starts to develop pain if she sits in a metal chair for more than 10 minutes, and she spends most of her day lying down. (Tr. 47). She claimed when she sits, the pain radiates to her buttocks and occasionally into her legs. (Tr. 57). She testified she cannot lift more than 5 pounds. (Tr. 60).

The ALJ properly reviewed Plaintiff's medical records and found Plaintiff's testimony to be inconsistent with them. Specifically, the ALJ determined that although Plaintiff complained of back pain and experienced pain with palpation of the C3-C7 region and L3-S1 region, Plaintiff "exhibited full range of motion and strength, normal gait and negative seat leg raising." (Tr. 19,

7

302). Plaintiff reported her pain did not radiate to other parts of her body to Dr. Krishnan. (Tr. 20-21, 272). The ALJ found "diagnostic findings do not show any more significant evidence of disc degeneration in the lumbar spine." (Tr. 20, 360). Significantly, the ALJ noted that an MRI of the lumbar spine taken on November 17, 2014, did not show significant changes when compared with an MRI of the lumbar spine from July 10, 2013, a date prior to Plaintiff's alleged onset date. (*Id.*) Further, the ALJ considered an MRI taken April 27, 2015, of Plaintiff's lumbar spine which showed minor disc desiccation without significant disc space narrowing, minimal bulging and left facet hypertrophy and no evidence of disc herniation or stenosis at any level. (Tr. 20, 579). The ALJ found Plaintiff's claim of worsening symptoms was not supported by objective medical evidence. (Tr. 20). An ALJ is entitled to consider a lack of objective findings to support Plaintiff's allegations about her physical impairments in determining the credibility of such allegations. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004). In this case, it is clear Plaintiff suffers from back pain. However, her subjective reports of worsening conditions are unsubstantiated by the objective medical findings, including diagnostic testing. (Tr. 302, 360, 579). Indeed, Plaintiff reported increasing success with epidural steroid injections for pain management. (Tr. 295, 302, 355). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (internal quotation marks and citation omitted).

Second, the ALJ also found Plaintiff's reported activities of daily living to be inconsistent with her reported symptoms. (Tr. 21). The ALJ found "some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (*Id.*). At her hearing, Plaintiff testified she is able to bathe and groom herself. (Tr. 48). She stated she goes grocery shopping and

attends Narcotics Anonymous meetings. (Tr. 48, 61). Plaintiff admitted she spent most of her time sitting on her couch watching television and playing games on her phone. (Tr. 49). The ALJ could reasonably conclude Plaintiff's admitted activities of daily living were inconsistent with her self-reported limitations.

While the undersigned appreciates that a claimant need not be bedridden before she can be determined to be disabled, a claimant's daily activities can nonetheless be seen as inconsistent with her subjective complaints of a disabling impairment and may be considered in judging the credibility of complaints. *See Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015) ("Wright himself admits to engaging in daily activities that this court has previously found inconsistent with disabling pain, such as driving, shopping, bathing, and cooking."); *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (determining that the ALJ properly discounted plaintiff's credibility where, among other factors, plaintiff "was not unduly restricted in his daily activities, which included the ability to perform some cooking, tak[ing] care of his dogs, us[ing] a computer, driv[ing] with a neck brace, and shop[ping] for groceries with the use of an electric cart"); *Buckner*, 646 F.3d at 555 (finding plaintiff's depression was not severe where plaintiff engaged in daily activities that were inconsistent with his allegations). *See also Ponders v. Colvin*, 770 F.3d 1190 (8th Cir. 2014) (holding that substantial evidence supported the ALJ's denial of disability benefits in part because claimant "performs light housework, washes dishes, cooks for her family, does laundry, can handle money and pays bills, shops for groceries and clothing, watches television, drives a vehicle, leaves her house alone, regularly attends church, and visits her family"); *Roberson v. Astrue*, 481 F.3d, 1020, 1025 (8th Cir. 2007) (holding that the ALJ's denial of benefits was supported based in part because Plaintiff fixed meals, did

housework, shopped for grocers, and visited friends). Plaintiff's daily activities were only one of many factors considered by the ALJ when determining Plaintiff's credibility.

Third, the ALJ determined that "[t]he lack of [] more aggressive treatment or surgical intervention further suggests the [Plaintiff's] symptoms and limitations were not as severe as she alleged." (Tr. 21). Although Plaintiff testified in her hearing that she had a surgical consultation, there was no evidence in the medical records that she would actually be having this surgery. (Tr. 572). Indeed, Plaintiff routinely stated she was provided relief from less aggressive treatment methods. (Tr. 295, 302, 335, 464-67, 508, 542). Because Plaintiff has been treated solely with pain medication and steroid injections, and there is no evidence she will be given more aggressive treatment, the ALJ concluded Plaintiff's treatment has been "routine and/ or conservative in nature." (Tr. 21). *See Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (upholding an ALJ's determination a claimant lacked credibility due in part to "absence of hospitalizations . . . limited treatment of symptoms, [and] failure to diligently seek medical care"); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (finding that conservative treatment reduced the claimant's credibility).

In conclusion, the Court finds that the ALJ gave good reasons for finding Plaintiff's allegations regarding the severity of her conditions not fully credible, and that the ALJ's analysis was carefully linked to the evidence of record. *See Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006) ("If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.") (internal quotation marks and citation omitted). As such, the Court further finds that the ALJ's credibility determination is based on substantial evidence and is consistent with the Regulations and case law.

**B. RFC**

Plaintiff also asserts that the ALJ erred in her determination of Plaintiff's RFC by not including a proper narrative and by improperly making a medical determination. Plaintiff further argues the Appeals Council did not consider the second RFC form filled out by Dr. Krishnan.

A disability claimant's RFC is the most he or she can do despite his or her limitations. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "[A]n RFC determination must be based on a claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" *McCoy v. Astrue*, 648 F.3d 605, 617 (8th Cir. 2011) (quoting *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007)). An ALJ bears "the primary responsibility for determining a claimant's RFC" and may take into account a range of evidence, from personal observation to the claimant's statements regarding his or her daily activities, but "because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). Further, an RFC determination "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Gordon v. Astrue*, 801 F. Supp. 2d 846, 861 (E.D. Mo. 2011)(quotation omitted). This is not to say that each statement of a component of the RFC must be followed by a specific recitation of which records support that finding, but there must be some "narrative bridge" to allow review of what caused the ALJ to decide how the medically-determinable impairments manifest in the claimant's ability to perform work functions.

Although Plaintiff claims the ALJ did not include a proper narrative discussion in violation of SSR 96-8p, it is clear the ALJ took the plaintiff's medical records and subjective

allegations into account in making her RFC finding. The ALJ relied upon the treatment notes of Dr. James Bockhorst, M.D. ("Dr. Bockhorst"), Dr. Krishnan, the imaging results, and Plaintiff's hearing testimony to make her determination. (Tr. 18-23). She also described the weight she gave to the medical opinions. (Tr. 22)("The opinions expressed are quite conclusory, providing very little explanation of the evidence relied on in forming that opinion . . . . "the undersigned cannot assign controlling weight to his opinions because they are inconsistent with the medical record . . . ."). Because the ALJ described the reasons for her RFC finding at length using the available medical and subjective evidence, this Court finds the ALJ's RFC determination included a proper discussion to support her RFC finding.

Next, Plaintiff asserts the Appeals Council failed to properly consider the October 2015 statement filed by Dr. Krishnan, which Plaintiff claims would have given them a basis to grant review. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it related to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 4.16.1470(b). "Where . . . the Appeals Council considers new evidence but denied review, [the Court] must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence." *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007).

Here, the Appeals Council properly opined Dr. Krishnan's new statement did not support changing the ALJ's decision. (Tr. 2). The ALJ already reviewed most of the information contained in Dr. Krishnan's new statement when making her determination. The limitations set forth in Dr. Krishnan's statement were in conflict with the evidence relied upon by the ALJ. The ALJ considered and gave weight to Dr. Krishnan's treatment notes which noted pain on palpation in Plaintiff's lumbar and cervical spine. (Tr. 19-20, 273-74, 278-80, 284-86, 289-91,

307-11, 336-38, 341-45, 464-67).  However, the ALJ properly concluded the additional medical evidence did not necessitate any additional limitations.  Those treatment notes also showed normal motor strength, sensation, straight leg raises, and a stable cervical spine with a full range of motion.  (Tr. 19-20, 273-74, 278-80, 284-86, 289-91, 307-11, 336-38, 341-45).  Regardless, Dr. Krishnan's new RFC questionnaire did not provide additional medical evidence, and the new alleged limitation conflicted with the evidence of record.  (Tr. 583-86).  For example, he stated Plaintiff's steroid injections were not providing relief, but his treatment notes state Plaintiff routinely had relief from the injections.  (Tr. 271, 277, 288, 295, 302, 335, 336, 342, 508, 542).  Because the ALJ already reviewed the medical evidence underlying the RFC and the new restrictive RFC finding was inconsistent with the treatment notes, the Appeals Council properly considered the additional evidence.

Finally, Plaintiff contends the ALJ made an improper medical determination of Plaintiff's condition based on raw medical evidence.  Plaintiff overstates the law by contending the ALJ needed expert assessment for the RFC.  "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. . . . Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively."  *Cox*, 495 F.3d at 619.  Here, the ALJ considered the objective medical evidence as well as the subjective evidence reported by Plaintiff to make her RFC determination.  The ALJ found Plaintiff's treatment notes did not support Plaintiff's contentions regarding the severity of her condition.  (Tr. 20-21).  As noted above, Plaintiff's treatment notes showed tenderness upon palpation.  (Tr. 19-20, 273-74, 278-80, 284-86, 289-91, 307-11, 341-45, 464-67).  However, the MRIs showed no significant changes over time, and showed minor disc protrusion without significant disc space narrowing,

minimal bulging and left facet hypertrophy at L5-S1, and no evidence of disc herniation or stenosis at any level. (Tr. 267, 293, 360, 356, 360). Although Dr. Bockhorst opined Plaintiff is "disabled," the ALJ determined she could "not assign controlling weight to his opinions because they were inconstant with the medical record of evidence [], including his treatment notes." (Tr. 22, 453-59). The ALJ properly considered this evidence to make a determination that Plaintiff's condition was not as severe as she alleged. The ALJ's formulation of Plaintiff's RFC appears to have incorporated evidence from across the record, and there is substantial evidence supporting the determination memorialized in the decision.

In conclusion, the Court finds that the ALJ's RFC determination is consistent with the relevant evidence of record including the objective medical evidence, the observations of medical providers, and diagnostic test results, as well as Plaintiff's credible limitations; that the ALJ's RFC determination is based on substantial evidence; and that Plaintiff's arguments to the contrary are without merit.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 15th day of March, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE